# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0119-26 |
| vs. | DECISION AND ORDER |
| DEVON JOEL GUERRERO aka Devin Joel Guerrero, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 31, 2026, for hearing on Defendant **DEVON JOEL GUERRERO aka Devin Joel Guerrero's** ("Defendant") Motion to Sever Charges for Trial. Present were Assistant Attorney General Nicholas Ennis on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Alternate Public Defender Brycen J. Breazeale. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On February 17, 2026, Defendant was indicted with (1) two counts of Burglary (As a Second Degree Felony; (2) one count of Attempted Theft to a Motor Vehicle (As a Second Degree Felony) with attached Notice: Commission of a Felony While on Felony Release; (3) one count of Criminal Mischief (As a Third Degree Felony) with attached Notice: Commission of a Felony While on Felony Release; (4) two counts of Criminal Mischief (As a Third Degree Felony); and (5) two counts of Breaking of Window Glass to Gain Access to a Vehicle (As a Third Degree

Felony). (Indictment, Feb. 17, 2026). These charges stem from events allegedly occurring on or about October 29, 2024, December 23, 2024, and April 30, 2025. *Id.*

On February 26, 2026, Defendant asserted his right to a speedy trial.

On March 24, 2026, Defendant filed the instant Motion. On March 27, 2026, the Government filed its Opposition. On March 31, 2026, Defendant filed his Reply.

On March 31, 2026, the Court heard brief arguments from the parties and subsequently placed the matter under advisement.

## DISCUSSION

Under Guam law, two or more offenses may be charged in the same indictment "if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35.[1] To determine whether offenses are properly joined, courts traditionally consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). Only one of the three prongs must be found for joinder to be proper. *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007). The rule is "construed broadly in favor of initial joinder." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (citation omitted). *See also United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006) (construing Rule 8(a) generously in favor of joinder). Even if offenses are properly joined, the Court may order separate trials of the offenses if the defendant or Government is prejudiced by such joinder.[2] *See* 8 G.C.A. § 65.35.

---

[1] Section 55.35 is substantially the same as Rule 8 of the Federal Rules of Criminal Procedure, which provides:

(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8. Accordingly, federal law interpreting Rule 8 (and Rule 14) below is persuasive. *See Sumitomo Constr. Co. v. Zhang Ye, Inc.*, 1997 Guam 8 ¶ 7.

[2] Title 8 G.C.A. section 65.35 provides:

The first issue before the Court is whether the charges in the Indictment were properly joined. Defendant argues that "[e]ach date in the Indictment should be tried separately because of the gap in time between the incidents, the independent witnesses necessary to support each allegation, and also because the allegations clearly do not constitute a common scheme or plan." (Mot. Sever at 3, Mar. 24, 2026). The Government sets forth that "joinder is proper because the charged offenses are plainly of the same or similar character." (Opp'n at 2).

In considering the Government's basis for joinder, the Court examines "factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims." *Jawara*, 474 F.3d at 578. "The weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment." *Id.* The length of time between offenses is not dispositive on its own. *See, United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) (after examining prior cases where joiner was affirmed for offenses occurring during time periods including eight months, two-years, and five-months, finding "the time-period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined."). "[T]he use of multicount indictments charging offenses of similar character is a sanctioned practice." *Howard v. United States*, 372 F.2d 294, 301 (9th Cir. 1967), *cert. denied*, 388 U.S. 915 (1967).

In this case, Defendant is charged with Burglary, Attempted Theft to a Motor Vehicle, Criminal Mischief, and Breaking of Window Glass to Gain Access to a Vehicle. One count of

---

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35. Section 65.35 is substantially similar to Rule 14 of the Federal Rules of Criminal Procedure, which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Burglary, Criminal Mischief, and Breaking of a Window Glass to Gain Access to a Vehicle involving victim Cassandra Calvo Santos's 2017 Toyota Camry allegedly occurred on October 29, 2024.[3] The second count of Burglary, Criminal Mischief, and Breaking of a Window Glass to Gain Access to a Vehicle involving victim Michelle Borja's Mazda CX-5 allegedly occurred on December 23, 2024.[4] The third set of charges, Attempted Theft to a Motor Vehicle and

---

[3] The charges involving victim Cassanda Calvo read as follows:

**FIRST CHARGE**
***Count One***

On or about October 29, 2024, in Guam, DEVON JOEL GUERRERO (aka Devin Joel Guerrero) did commit the offense of ***Burglary (As a 2nd Degree Felony),*** in that he did enter or surreptitiously remain in a motor vehicle, that is, *a 2017 Toyota Camry belonging to Cassandra Calvo Santos,* with intent to commit the crime of Theft therein, in violation of 9 GCA § 37.20(a) and (b).

**CHARGE FOUR**
***Count One***

On or about October 29, 2024, in Guam, DEVON JOEL GUERRERO (aka Devin Joel Guerrero) did commit the offense of ***Criminal Mischief (As a 3rd Degree Felony),*** in that he did intentionally damage the motor vehicle of another, to wit: *Cassandra Calvo Santos,* that is, *a 2017 Toyota Camry,* in violation of 9 GCA §§ 34.50(d) and 34.60(a).

**CHARGE FIVE**
***Count One***

On or about October 29, 2024, in Guam, DEVON JOEL GUERRERO (aka Devin Joel Guerrero) did commit the offense of ***Breaking of Window Glass to Gain Access to Vehicles (As a 3rd Degree Felony),*** in that he did break a glass window of a vehicle in the process of committing or attempting to commit burglary or criminal trespass, in violation of 9 GCA §§ 37.10(d) and 37.40(a).

(Indictment, Feb. 17, 2026).

[4] The charges involving victim Michelle Borja read as follows:

**CHARGE ONE**
***Count Two***

On or about December 23, 2024, in Guam, DEVON JOEL GUERRERO (aka Devin Joel Guerrero) did commit the offense of ***Burglary (As a 2nd Degree Felony),*** in that he did enter or surreptitiously remain in a motor vehicle, that is, *a Mazda CX-5 belonging to Michelle Borja,* with intent to commit the crime of Theft therein, in violation of 9 GCA § 37.20(a) and (b).

**CHARGE FOUR**
***Count Two***

On or about December 23, 2024, in Guam, DEVON JOEL GUERRERO (aka Devin Joel Guerrero) did commit the offense of ***Criminal Mischief (As a 3rd Degree Felony),*** in that he did intentionally

---

*People v. Guerrero*
Case No. CF0119-26
Decision and Order

Criminal Mischief, involving victim Carson Riley Bigelow's 2024 Kawasaki Z500 motorcycle allegedly occurred on April 30, 2025.[5] Both Santos and Borja's vehicles had passenger side windows shattered, and GPD Forensic Science Officers recovered fingerprints from both scenes. (Decl. of Curtis C. Van de veld, Magistrate's Compl., Feb. 6, 2026). The incidents involving these two vehicles also occurred roughly two months apart (October 29, 2024 to December 23, 2024). As to the third incident, Defendant allegedly attempted to steal Bigelow's motorcycle and damaged the handlebars four months later (April 30, 2025). *Id.* The attempted theft was caught on surveillance video and GPD was able to identify Defendant as the individual involved, once the face covering was removed on camera. *Id.*

In light of the above, the Court finds that the two sets of charges involving Burglary to a Motor Vehicle, Criminal Mischief, and Breaking of a Glass Window to Gain Access to Vehicle

---

damage the motor vehicle of another, to wit: *Michelle Borja,* that is, *a Mazda CX-5*, in violation of 9 GCA §§ 34.50(d) and 34.60(a).

### CHARGE FIVE
### *Count Two*

On or about December 23, 2024, in Guam, DEVON JOEL GUERRERO (aka Devin Joel Guerrero) did commit the offense of ***Breaking of Window Glass to Gain Access to Vehicles (As a 3rd Degree Felony),*** in that he did break a glass window of a vehicle in the process of committing or attempting to commit burglary or criminal trespass, in violation of 9 GCA §§ 37.10(d) and 37.40(a).

*Id.*

[5] The charges involving victim Carson Riley Bigelow read as follows:

### CHARGE TWO

On or about April 30, 2025, in Guam, DEVON JOEL GUERRERO (aka Devin Joel Guerrero) did commit the offense of ***Attempted Thef of a Motor Vehicle (As a 2nd Degree Felony),*** in that he did attempt to unlawfully take, obtain, or exercise unlawful control over the motor vehicle of another, to wit: *Carson Riley Bigelow,* that is, *a 2024 Kawasaki Z500,* with intent to deprive *Carson Riley Bigelow* thereof, in violation of 9 GCA §§ 43.20(a), 43.15, 43.10(a), (b), (c), (d), and (e), and 13.10.

### CHARGE THREE

On or about April 30, 2025, in Guam, DEVON JOEL GUERRERO (aka Devin Joel Guerrero) did commit the offense of ***Criminal Mischief (As a 3rd Degree Felony),*** in that he did intentionally damage the motor vehicle of another, to wit: *Carson Riley Bigelow,* that is, *a 2024 Kawasaki Z500,* in violation of 9 GCA §§ 34.50(d) and 34.60(a).

*Id.*

are properly joined. The allegations on October 29, 2024 and December 23, 2024, although involving different victims, all involve the same charges and are based on the breaking of the passenger window of the victims' vehicle. *See United States v. Chambers,* 964 F.2d 1250, 1250-51 (1st Cir. 1992) (affirming joinder of six robberies involving similar victims over a period of two and a half months); *United States v. Sanders,* 463 F. 2d 1086 (8th Cir. 1972) (affirming joinder of counts where offenses were of the same or similar character and occurred eight months apart). The Court, however, does not find that the third set of charges involving the Kawasaki Motorcycle are properly joined with them, and orders that the Second Charge of Attempted Theft of a Motor Vehicle (As a Second Degree Felony) and the Third Charge of Criminal Mischief (As a Third Degree Felony) proceed to trial separately from the remaining charges.[6]

The Court next turns to Defendant's argument that the charges should be severed for trial because he will be prejudiced. Defendant sets forth that the charges "inappropriately paint Mr. Guerrero as a serial offender," the jury will be "unable to compartmentalize evidence concerning allegations on each alleged date from the others," and that his Fifth Amendment rights will be jeopardized. (Mot. Sever at 4-5). As the Court has already determined that the third set of charges involving the Kawasaki motorcycle should be severed for trial, the issue at this time is whether Defendant will be prejudiced if the two sets of charges involving Burglary (to a motor vehicle), Criminal Mischief, and Breaking of Window Glass to Gain Access to a Vehicle are tried before a jury together.

The Court is not persuaded by Defendant's first two arguments regarding prejudice. "Weighing the danger of confusion and undue cumulative inference is a matter for the trial judge within his sound discretion." *Johnson v. United States,* 356 F.2d 680, 682 (8th Cir. 1966), *cert. denied,* 385 U.S. 857 (1966). "It is not enough simply to show that such joinder makes it more

---

[6] The Second and Third Charges in the Indictment also have an attached Notice: Commission of a Felony While on Felony Release. Defendant states that "[a]t either a joint or severed trial, [he] will move to bifurcate the Notice from the factual presentation a trial." (Mot. Sever fn. 1). The Court will bifurcate the Notice from the underlying charges at trial. *See People v. Muritok,* 2003 Guam 21 ¶ 47 n.8 (adopting Supreme Court Justice Thomas's approach in *Apprendi v. New Jersey,* 530 U.S. 466, 521 n.10 (2000) (Thomas, J., concurring), advocating the bifurcation of trials to keep juries from learning of aggravating facts until after a conviction on the underlying offense.).

difficult to defend." *Id.* (citations omitted). Severance under Rule 14 requires a serious risk of prejudice. *See Jawara,* 474 F.3d at 579. "The test is whether joinder is so *manifestly prejudicial* that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Brashier,* 548 F.2d 1315, 1323 (9th Cir. 1976) (citation omitted) (emphasis added). "Even where there may be some risk of prejudice, if the possibility of prejudice may be cured by a cautionary instruction severance is not required." *United States v. Walser,* 3 F.3d 380, 385 (11th Cir. 1993) (citation and quotation marks omitted). *See also United States v. Taylor,* 54 F.3d 967, 974 (1st Cir. 1995) (finding that defendant's "bare allegation that, if the jury were to believe that he was involved in one bank robbery, then it might also (improperly) be led to believe from the fact alone that he was involved in the other, is simply not enough. This type of spillover is standard fare whenever counts involving discrete incidents are linked in a single indictment. We have repeatedly held that such a garden variety side effect, without more, is insufficient to require severance."). "Juries are presumed to follow their instructions." *Zafiro v. United States,* 506 U.S. 534, 540 (1993) (citation omitted).

The Court is also not persuaded by Defendant's third argument that joinder will prejudice his Fifth Amendment rights. Defendant asserts that he "is prejudiced if he wishes to testify concerning one set of Charges, but maybe not others," and that he will be forced to choose between testifying on one allegation, thereby exposing himself to cross-examination on all charges, or not testifying altogether. (Mot. Sever at 5). A defendant seeking severance on this basis must demonstrate "that he has important testimony to give on some counts and a strong need to refrain from testifying on those he wants severed." *United States v. DiCesare,* 765 F.2d 890, 898 (9th Cir.), *amended,* 777 F.2d 543 (9th Cir. 1985) (citing *United States v. Nolan,* 700 F.2d 479, 483 (9th Cir.), *cert. denied,* 462 U.S. 1123, (1983)). *See also United States v. Kelly,* 99 F.4th 1018, 1026 (7th Cir. 2024), *cert. denied,* 145 S.Ct. 276 (2024); *People v. Washington,* 517 P.3d 706, 714 (Wash. 2022); *People v. Walker,* 542 P.2d 1283, 1286 (Colo. 1975); *State v. Martin,* 926 P.2d 1380, 1388 (Mont. 1996). To satisfy this standard, a defendant must provide sufficient detail regarding "the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other," so that the court can determine whether the claimed prejudice is

genuine and intelligently weigh such prejudice against the interests of judicial economy. *Workman v. United States*, 15 A.3d 264, 268 (D.C. 2011).

Here, Defendant sets forth that his "decision to testify is based, in part, on the incriminating nature of his out-of-court statements the People would likely introduce at his trial." (Reply at 5). This generalized assertion does not identify what specific testimony Defendant would offer on any particular charge, nor why he must refrain from testifying on others. Defendant also states that he "provided varying levels of culpability as to each date alleged[] [t]herefore he has valid reason to testify concerning some of the dates in question, but not all of them." *Id.* However, without more specific details, the Court cannot meaningfully evaluate any prejudice against the interests of judicial economy. *Workman*, 15 A.3d at 268. *See also Martin*, 926 P.2d at 1388 (a "one sentence assertion that [Defendant's] privilege against self-incrimination would be compromised is insufficient to prove the existence of this type of prejudice."). Lastly, Defendant contends that his defenses may differ across the charged dates, but he does not identify which defenses apply to which charges or explain how joinder would impair his ability to present any specific defense. His references to a possible identity defense on some counts, legal defenses as to elements on others, or simply holding the Government to its burden of proof[7] are too generalized to establish prejudice. Variations in defense strategy, without a concrete showing that joinder would actually hinder the presentation of a particular defense, do not warrant severance. Accordingly, the Court will not grant severance of the remaining charges on this ground.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's Motion to Sever Charges for Trial. The charges set forth in the Indictment will be split into two trials: the First Charge of Burglary (As a Second Degree Felony) – Two Counts, the Fourth Charge of Criminal Mischief (As a Third Degree Felony) – Two Counts, and the Fifth

---

[7] Defendant sets forth in his reply that "[t]he inconsistent nature of defense as to each alleged date requires severance not because the evidence and defenses may differ across counts, but instead, because Mr. Guerrero cannot adequately raise a defense at trial if as to some Charges he has a true identity defense, and to others he has a legal defense as to the elements of the crime, or if he simply wishes to force the People to prove their case to a jury beyond a reasonable doubt." (Reply at 5).

Charge of Breaking of Window Glass to Gain Access to a Vehicle (As a Third Degree Felony) – Two Counts shall be joined together for trial; and the Second Charge of Attempted Theft of a Motor Vehicle (As a Second Degree Felony) and the Third Charge of Criminal Mischief (As a Third Degree Felony), both with attached Notice: Commission of a Felony While on Felony Release, shall be joined together for trial.

A Status Hearing remains set for April 6, 2026 at 3:00 p.m. As this matter remains in an asserted status, parties should be prepared to discuss trial dates.

**IT IS SO ORDERED** this 6th day of April, 2026.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA EMAIL
I acknowledge that an electronic copy of the original was e-mailed to:

AG, APD

Date: 4/6/26 Time: 9:00a

Antonio A Cruz
Deputy Clerk, Superior Court of Guam

*People v. Guerrero*
Case No. CF0119-26
Decision and Order